**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

KEITH E. SONDERLING,               )
Acting United States Secretary of Labor,    )
                                   )
                Plaintiff,          )
                                   )
        v.                         )    Civil Action No.
                                   )
BOSTON MUSICIANS' ASSOCIATION,     )
AMERICAN FEDERATION OF MUSICIANS   )
LOCAL 9-535,                       )
                                   )
                Defendant.          )

COMPLAINT

Plaintiff Keith E. Sonderling, Acting United States Secretary of Labor, alleges as follows:

NATURE OF THE ACTION

1.      This action is brought under Title IV of the Labor-Management Reporting and Disclosure Act of 1959, 29 U.S.C. §§ 481-83 (LMRDA or Act), for a judgment declaring that the December 8, 2025 election of union officers conducted by Boston Musicians' Association, Local 9-535 (BMA or Defendant), of the American Federation of Musicians (AFM or International), for the offices of Secretary-Treasurer and Board of Directors (6) is void, and directing Defendant to conduct a new election for these offices under Plaintiff's supervision, and for other appropriate relief.

JURISDICTION AND VENUE

2.      This Court has jurisdiction over this action pursuant to 29 U.S.C. § 482(b), 28 U.S.C. § 1331, and 28 U.S.C. § 1345.

3.      Venue lies in this district pursuant to 29 U.S.C. § 482(b) and 28 U.S.C. § 1391(b).

PARTIES

4.      Plaintiff Keith E. Sonderling is the duly appointed Acting Secretary of Labor, United States Department of Labor.  Plaintiff is authorized to bring this action under section 402(b) of Title IV of the Act, 29 U.S.C. § 482(b).

5.      Defendant is, and at all times relevant to this action has been, an unincorporated association maintaining its principal office in the city of Boston, Massachusetts, within Suffolk County, within the jurisdiction of this district.

FACTUAL ALLEGATIONS

6.      Defendant is, and at all times relevant to this action has been, a local labor organization engaged in an industry affecting commerce within the meaning of section 3(i) and (j) and 401(b) of the Act (29 U.S.C. § 402(i) and (j) and 481(b)).

7.      Defendant conducted its last election of officers on December 8, 2025 (the 2025 election).

8.      The 2025 election was subject to the provisions of Title IV of the Act (29 U.S.C. §§ 481-483).

9.      Defendant is affiliated with AFM.

10.     The 2023 bylaws of the AFM (International Bylaws) applied to the 2025 election.

11.     Defendant's 2025-2026 bylaws (BMA Bylaws) also applied to the 2025 election.

12.     Article 1, Section 4(A) of the BMA Bylaws defines "member in good standing" as "a member who is current in payment of regular membership dues."

13.     Sections 1 and 3 of Article 9 of the BMA Bylaws require dues to be paid either annually in January or "quarterly in advance during the months of January, April, July, and October."

14.     Article 9, Section 1(B) of the BMA Bylaws states, in part: "Members failing to pay dues by the end of a quarter shall be suspended."

15.     Article 9, Section 1(C) of the BMA Bylaws provides:

Members suspended or terminated may be re-instated upon payment of the last unpaid quarter AND current quarter, a Reinstatement Fee, a fine as established by the Local, and any indebtedness for Regular Dues to any other Local of the AFM. The Reinstatement Fee shall be computed from the first day of the quarter in which the member became suspended . . .  All applications for reinstatement are subject to the approval of the BOD of the Local.

16.     Article 14, Section 3 of the BMA Bylaws sets forth requirements for eligibility for election as a local union officer, including: "Members in good standing in this Local for two consecutive years prior to a Primary or General Election may seek election to any Local Office."

17.     For the 2025 election, the relevant two consecutive years of good standing required were from July 1, 2023, to June 30, 2025.

18.     The BMA Bylaws do not contain an excuse provision allowing the Union to waive or cancel a suspension or termination of membership for late or unpaid dues.

19.     The BMA Bylaws do not contain an excuse provision that would allow members, after suspension or termination of membership for late or unpaid dues, to restore their continuous good standing with payment of a late or reinstatement fee.

20.     Defendant permitted Wes Hopper to run for the office of President in the 2025 election despite having his membership suspended on March 31, 2025, for late payment of dues.

21.     Wes Hopper did not win his race for President in the 2025 election.

22.     Dave Rufino won the election for President with 466 votes.  The next candidate, John Shiu, garnered 157 votes.  Wes Hopper received 51 votes.

23.     Defendant permitted Mark Pinto to run for the office of Secretary-Treasurer in the 2025 election despite not paying dues owed from March 2024 until June 2024.

3

24.     Defendant disqualified Marguerite Levin from running for the office of Secretary-Treasurer in the 2025 election because she had her membership suspended on March 31, 2024, for late payment of dues.

25.     Mark Pinto ran unopposed for the office of Secretary-Treasurer in the 2025 election, won by acclamation, and was installed into this office.

26.     Defendant permitted Amelia Hollander Ames to run for the office of Board of Directors in the 2025 election despite having her membership suspended March 31, 2025, for late payment of dues.

27.     Amelia Hollander Ames won her race for Board of Directors in the 2025 election and was installed into this office.

28.     The following candidates (with their vote count in parentheses) won the six Board of Directors offices: Julie Levan (421), Bob Bowlby (354), Clark Matthews (352), Deborah Boykan (347), Amelia Hollander Ames (345), and Walter Bostian (236).

29.     The following candidates (with their vote count in parentheses) did not win any Board of Directors offices: Rick Hammett (231), Andrew Song (211), George Darrah (190), Ryan Noe (174), Brian O'Neill (153), and Kathryn Sievers (withdrew prior to ballot tally).

30.     Defendant disqualified the following nominees from candidacy in the 2025 election because of their membership suspensions for late dues and resultant loss of continuous good standing in the two years before nominations:

      a.   Adam Hanna for the office of Board of Directors, because his membership was suspended on March 31, 2025, for late payment of dues, and because he had been expelled from membership on March 31, 2024, for late payment of dues;

4

b. Marguerite Levin for the office of Secretary-Treasurer, because her membership was suspended on March 31, 2024, for late payment of dues;

c. Meryl Summers for the office of Vice President, because her membership was suspended on March 31, 2024, for late payment of dues;

d. Ashleigh Gordon for the office of Board of Directors, because her membership was suspended on March 31, 2025, for late payment of dues;

e. Nicholas Brown for the office of Board of Directors, because his membership was suspended on March 31, 2025, for late payment of dues, and because he had been expelled from membership on June 20, 2024, for late payment of dues;

f. Nicole Parks for the office of Board of Directors, because her membership was suspended on March 31, 2025, for late payment of dues;

g. Adam Gautille for the office of Vice President, because his membership was suspended on March 31, 2025, for late payment of dues; and

h. Therese DiMuzio for the office of Board of Directors, because her membership was suspended on September 30, 2023, for late payment of dues.

31. Pursuant to Article 5, Section 21(a) of the International Bylaws, voting-eligible members may challenge an election within ten days of the election to a person or body designated by a local union's bylaws, who shall decide the challenge within fifteen days of receiving it.

32.    Pursuant to Article 5, Section 21(a) of the International Bylaws, a member may submit an appeal of a local union's decision to the International President within 10 days of the member being advised of the decision.

33.    Article 14, Section 6 of the BMA Bylaws designated the Union's Board of Directors as the authority to determine election challenges at the local level.

34.    By letter dated December 18, 2025, to Defendant's Election Committee and Secretary/Treasurer Mark Pinto, the complainant, John Shiu, a member in good standing of Defendant, protested the conduct of the 2025 election.

35.    Shiu was an unsuccessful candidate for President in the 2025 election.

36.    By letter dated January 8, 2026, to Shiu, Defendant's Board of Directors denied the protest.

37.    By email dated January 18, 2026, Shiu appealed the decision of the Board of Directors to AFM International President Tino Gagliardi.

38.    By email dated February 27, 2026, Chief of Staff and Assistant to the President Jonathan A. Ferrone denied the appeal.

39.    In accordance with Section 402(a)(1) of the Act, 29 U.S.C. § 482 (a)(1), Complainant's March 27, 2026, complaint to the Secretary was timely as it was filed within one calendar month of receiving the union's final decision.

40.    By a letter signed May 4, 2026, Defendant agreed that the time within which Plaintiff may bring suit with respect to Defendant's 2025 election be extended to June 9, 2026.

41.    By a letter signed June 4, 2026, Defendant agreed that the time within which Plaintiff may bring suit with respect to Defendant's 2025 election be extended to June 23, 2026.

42.    Pursuant to section 601 of the Act, 29 U.S.C. § 521, and in accordance with section 402(b) of the Act, 29 U.S.C. § 482(b), Plaintiff investigated the complaint and, as a result of the facts shown by the investigation, found probable cause that a violation of Title IV of the Act, 29 U.S.C. §§ 481–483, occurred that has not been remedied and that may have affected the outcome of Defendant's 2025 election for the offices of Secretary-Treasurer and Board of Directors (6).

COUNT I

43.    Section 401(e) of the Act, 29 U.S.C. § 481(e), requires that "every member in good standing shall be eligible to be a candidate and to hold office (subject to section 504 of this title and to reasonable qualifications uniformly imposed)." 29 U.S.C. § 481(e).

44.    Section 401(e) further requires that unions conduct their officer elections "in accordance with the constitution and bylaws of such organization insofar as they are not inconsistent with the provisions" of the Act. 29 U.S.C. § 481(e).

45.    Defendant violated section 401(e) of the Act, 29 U.S.C. § 481(e), during the conduct of the 2025 election, by failing to apply its candidacy qualifications in a uniform manner when it disqualified some candidates because they lacked continuous good standing but allowed other candidates who lacked continuous good standing to run for union office.

46.    Defendant failed to conduct its 2025 election in accordance with the applicable International and BMA Bylaws when it permitted Mark Pinto and Amelia Hollander Ames— who were ineligible for candidacy under the International and BMA Bylaws—to be candidates for office and to be installed in office, in violation of section 401(e) of the Act, 29 U.S.C. § 481(e).

7

47.     These violations of section 401(e) of the Act, 29 U.S.C. § 481(e), may have affected the outcome of Defendant's election for the offices of Secretary-Treasurer and Board of Directors (6).

PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment:

(a)  declaring the Defendant's election for the offices of Secretary-Treasurer and Board of Directors (6) to be void;

(b)  directing the Defendant to conduct a new election for these offices under the Plaintiff's supervision;

(c)  for the costs of this action; and

(d)  for such other relief as may be appropriate.

Respectfully submitted,

LEAH B. FOLEY
United States Attorney

*/s/ Olivia R. K. Benjamin*
Olivia R. K. Benjamin
Assistant U.S. Attorney
United States Attorney's Office
John J. Moakley U.S. Courthouse
Suite 9200
(617) 748-3100
Olivia.Benjamin@usdoj.gov

OF COUNSEL:

U.S. Department of Labor

JONATHAN BERRY
Solicitor of Labor

BEVERLY DANKOWITZ
Associate Solicitor

ELEANORE I. SIMMS
Counsel for Labor-Management Policy

LINDSY LEE
Senior Attorney