# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

KEITH E. SONDERLING,                        )
Acting United States Secretary of Labor,    )
                                            )
Plaintiff,                                  )
                                            )
v.                                          )        Civil Action No. 1-26-cv-12834
                                            )
BOSTON MUSICIANS' ASSOCIATION,              )
AMERICAN FEDERATION OF MUSICIANS            )
LOCAL 9-535,                                )
                                            )
Defendant.                                  )

## DEFENDANT'S ANSWER TO COMPLAINT

### NATURE OF THE ACTION

1.      This action is brought under Title IV of the Labor-Management Reporting and Disclosure

Act of 1959, 29 U.S.C. §§ 481-83 (LMRDA or Act), for a judgment declaring that the December

8, 2025 election of union officers conducted by Boston Musicians' Association, Local 9-535 (BMA

or Defendant), of the American Federation of Musicians (AFM or International), for the offices of

Secretary-Treasurer and Board of Directors (6) is void, and directing Defendant to conduct a new

election for these offices under Plaintiff's supervision, and for other appropriate relief.

**ANSWER**: This paragraph does not include allegations for which an answer is required.

However, to the extent this paragraph includes allegations for which an answer may be required,

Defendant denies that this case is properly brought under 29 U.S.C. §§ 481-83; that the

December 8, 2025, BMA election was not conducted in accordance with the LMRDA; and that

the election should be declared void and a new supervised election be conducted.

1

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over this action pursuant to 29 U.S.C. § 482(b), 28 U.S.C. § 1331, and 28 U.S.C. § 1345.

**ANSWER**: Defendant denies that the Court has jurisdiction under 29 U.S.C. § 482(b) as the prerequisites for jurisdiction were not met.

3.      Venue lies in this district pursuant to 29 U.S.C. § 482(b) and 28 U.S.C. § 1391(b).

**ANSWER**: Defendant denies that venue is proper under 29 U.S.C. § 482(b).

## PARTIES

4.      Plaintiff Keith E. Sonderling is the duly appointed Acting Secretary of Labor, United States Department of Labor. Plaintiff is authorized to bring this action under section 402(b) of Title IV of the Act, 29 U.S.C. § 482(b).

**ANSWER:** Defendant admits that Plaintiff is the Acting Secretary of Labor but denies that Plaintiff is authorized to bring this action under 29 U.S.C. § 482(b).

5.      Defendant is, and at all times relevant to this action has been, an unincorporated association maintaining its principal office in the city of Boston, Massachusetts, within Suffolk County, within the jurisdiction of this district.

**ANSWER:** Defendant admits this allegation.

## FACTUAL ALLEGATIONS

6.      Defendant is, and at all times relevant to this action has been, a local labor organization engaged in an industry affecting commerce within the meaning of section 3(i) and (j) and 401(b) of the Act (29 U.S.C. § 402(i) and (j) and 481(b)).

**ANSWER:** Defendant admits this allegation.

7.      Defendant conducted its last election of officers on December 8, 2025 (the 2025 election).

**ANSWER:** Defendant admits that the ballots were counted on December 8, 2025.

8.      The 2025 election was subject to the provisions of Title IV of the Act (29 U.S.C. §§ 481-483).

**ANSWER:** Defendant admits this allegation.

9.      Defendant is affiliated with AFM.

**ANSWER:** Defendant admits this allegation.

10.     The 2023 bylaws of the AFM (International Bylaws) applied to the 2025 election.

**ANSWER:** Defendant admits that the 2023 Bylaws of the AFM were in effect at the time of the 2025 election.

11.     Defendant's 2025-2026 bylaws (BMA Bylaws) also applied to the 2025 election.

**ANSWER:** Defendant admits that the 2025-2026 BMA Bylaws were in effect at the time of the 2025 election.

12.     Article 1, Section 4(A) of the BMA Bylaws defines "member in good standing" as "a member who is current in payment of regular membership dues."

**ANSWER:** Defendant admits this allegation.

13.     Sections 1 and 3 of Article 9 of the BMA Bylaws require dues to be paid either annually in January or "quarterly in advance during the months of January, April, July, and October."

**ANSWER:** Defendant admits that Article 9, Section 1 states when regular dues for regular members are "payable."

14.     Article 9, Section 1(B) of the BMA Bylaws states, in part: "Members failing to pay dues by the end of a quarter shall be suspended."

**ANSWER:** Defendant admits what is stated in Article 9, Section 2(B).  By way of further answer, Defendant states that not all members whose dues are not posted by the last day of a quarter are suspended.

15.    Article 9, Section 1(C) of the BMA Bylaws provides:

Members suspended or terminated may be re-instated upon payment of the last unpaid quarter AND current quarter, a Reinstatement Fee, a fine as established by the Local, and any indebtedness for Regular Dues to any other Local of the AFM. The Reinstatement Fee shall be computed from the first day of the quarter in which the member became suspended . . . All applications for reinstatement are subject to the approval of the BOD of the Local.

**ANSWER:** Defendant admits that Article 9, Section 1(C) includes the quoted language.

16.    Article 14, Section 3 of the BMA Bylaws sets forth requirements for eligibility for election as a local union officer, including: "Members in good standing in this Local for two consecutive years prior to a Primary or General Election may seek election to any Local Office."

**ANSWER:** Defendant admits this allegation.

17.    For the 2025 election, the relevant two consecutive years of good standing required were from July 1, 2023, to June 30, 2025.

**ANSWER:** Defendant admits this allegation.

18.    The BMA Bylaws do not contain an excuse provision allowing the Union to waive or cancel a suspension or termination of membership for late or unpaid dues.

**ANSWER:** Defendant admits this allegation as to what is stated in the BMA Bylaws.

19.    The BMA Bylaws do not contain an excuse provision that would allow members, after suspension or termination of membership for late or unpaid dues, to restore their continuous good standing with payment of a late or reinstatement fee.

**ANSWER:** Defendant admits this allegation.

20.    Defendant permitted Wes Hopper to run for the office of President in the 2025 election despite having his membership suspended on March 31, 2025, for late payment of dues.

**ANSWER:** Defendant denies this allegation.

21.    Wes Hopper did not win his race for President in the 2025 election.

**ANSWER:** Defendant admits this allegation.

22.    Dave Rufino won the election for President with 466 votes. The next candidate, John Shiu, garnered 157 votes. Wes Hopper received 51 votes.

**ANSWER:** Defendant admits this allegation.

23.    Defendant permitted Mark Pinto to run for the office of Secretary-Treasurer in the 2025 election despite not paying dues owed from March 2024 until June 2024.

**ANSWER:** Defendant admits this allegation.

24.    Defendant disqualified Marguerite Levin from running for the office of Secretary-Treasurer in the 2025 election because she had her membership suspended on March 31, 2024, for late payment of dues.

**ANSWER:** Defendant admits this allegation.

25.    Mark Pinto ran unopposed for the office of Secretary-Treasurer in the 2025 election, won by acclamation, and was installed into this office.

**ANSWER:** Defendant admits this allegation.

26.    Defendant permitted Amelia Hollander Ames to run for the office of Board of Directors in the 2025 election despite having her membership suspended March 31, 2025, for late payment of dues.

**ANSWER:** Defendant denies this allegation.

27.    Amelia Hollander Ames won her race for Board of Directors in the 2025 election and was installed into this office.

**ANSWER:** Defendant admits this allegation.

28.    The following candidates (with their vote count in parentheses) won the six Board of Directors offices: Julie Levan (421), Bob Bowlby (354), Clark Matthews (352), Deborah Boykan (347), Amelia Hollander Ames (345), and Walter Bostian (236).

**ANSWER:** Defendant admits this allegation.

29.    The following candidates (with their vote count in parentheses) did not win any Board of Directors offices: Rick Hammett (231), Andrew Song (211), George Darrah (190), Ryan Noe (174), Brian O'Neill (153), and Kathryn Sievers (withdrew prior to ballot tally).

**ANSWER:** Defendant admits this allegation.

30.    Defendant disqualified the following nominees from candidacy in the 2025 election because of their membership suspensions for late dues and resultant loss of continuous good standing in the two years before nominations:

> a.    Adam Hanna for the office of Board of Directors, because his membership was suspended on March 31, 2025, for late payment of dues, and because he had been expelled from membership on March 31, 2024, for late payment of dues;
>
> b.    Marguerite Levin for the office of Secretary-Treasurer, because her membership was suspended on March 31, 2024, for late payment of dues;
>
> c.    Meryl Summers for the office of Vice President, because her membership was suspended on March 31, 2024, for late payment of dues;

d.  Ashleigh Gordon for the office of Board of Directors, because her membership was suspended on March 31, 2025, for late payment of dues;

e.  Nicholas Brown for the office of Board of Directors, because his membership was suspended on March 31, 2025, for late payment of dues, and because he had been expelled from membership on June 20, 2024, for late payment of dues;

f.  Nicole Parks for the office of Board of Directors, because her membership was suspended on March 31, 2025, for late payment of dues;

g.  Adam Gautille for the office of Vice President, because his membership was suspended on March 31, 2025, for late payment of dues; and

h.  Therese DiMuzio for the office of Board of Directors, because her membership was suspended on September 30, 2023, for late payment of dues.

**ANSWER:** Defendant admits this allegation. By way of further answer, Defendant states that, in some instances, the member had been expelled.

31.  Pursuant to Article 5, Section 21(a) of the International Bylaws, voting-eligible members may challenge an election within ten days of the election to a person or body designated by a local union's bylaws, who shall decide the challenge within fifteen days of receiving it.

**ANSWER:** Defendant admits this allegation.

32.  Pursuant to Article 5, Section 21(a) of the International Bylaws, a member may submit an appeal of a local union's decision to the International President within 10 days of the member being advised of the decision.

**ANSWER:** Defendant admits this allegation.

33.     Article 14, Section 6 of the BMA Bylaws designated the Union's Board of Directors as the authority to determine election challenges at the local level.

**ANSWER:** Defendant admits this allegation.

34.     By letter dated December 18, 2025, to Defendant's Election Committee and Secretary/Treasurer Mark Pinto, the complainant, John Shiu, a member in good standing of Defendant, protested the conduct of the 2025 election.

**ANSWER:** Defendant admits this allegation. By way of further answer Defendant states that the protest did not raise the issues referred to in the instant Complaint.

35.     Shiu was an unsuccessful candidate for President in the 2025 election.

**ANSWER:** Defendant admits this allegation.

36.     By letter dated January 8, 2026, to Shiu, Defendant's Board of Directors denied the protest.

**ANSWER:** Defendant admits this allegation.

37.     By email dated January 18, 2026, Shiu appealed the decision of the Board of Directors to AFM International President Tino Gagliardi.

**ANSWER:** Defendant admits this allegation.

38.     By email dated February 27, 2026, Chief of Staff and Assistant to the President Jonathan A. Ferrone denied the appeal.

**ANSWER:** Defendant admits this allegation.

39.     In accordance with Section 402(a)(1) of the Act, 29 U.S.C. § 482 (a)(1), Complainant's March 27, 2026, complaint to the Secretary was timely as it was filed within one calendar month of receiving the union's final decision.

**ANSWER:** Defendant is without sufficient information to admit or deny this allegation, so it denies same.

40.    By a letter signed May 4, 2026, Defendant agreed that the time within which Plaintiff may bring suit with respect to Defendant's 2025 election be extended to June 9, 2026.

**ANSWER:** Defendant admits this allegation.

41.    By a letter signed June 4, 2026, Defendant agreed that the time within which Plaintiff may bring suit with respect to Defendant's 2025 election be extended to June 23, 2026.

**ANSWER:** Defendant admits this allegation.

42.    Pursuant to section 601 of the Act, 29 U.S.C. § 521, and in accordance with section 402(b) of the Act, 29 U.S.C. § 482(b), Plaintiff investigated the complaint and, as a result of the facts shown by the investigation, found probable cause that a violation of Title IV of the Act, 29 U.S.C. §§ 481–483, occurred that has not been remedied and that may have affected the outcome of Defendant's 2025 election for the offices of Secretary-Treasurer and Board of Directors (6).

**ANSWER:** Defendant admits that Plaintiff investigated the complaint but denies the remaining allegations in this paragraph.

## <u>COUNT I</u>

43.    Section 401(e) of the Act, 29 U.S.C. § 481(e), requires that "every member in good standing shall be eligible to be a candidate and to hold office (subject to section 504 of this title and to reasonable qualifications uniformly imposed)." 29 U.S.C. § 481(e).

**ANSWER:** Defendant admits that the quoted language appears in the cited statutory section.

44.    Section 401(e) further requires that unions conduct their officer elections "in accordance with the constitution and bylaws of such organization insofar as they are not

inconsistent with the provisions" of the Act. 29 U.S.C. § 481(e).

**ANSWER:** Defendant admits that the quoted language appears in the cited statutory section.

45. Defendant violated section 401(e) of the Act, 29 U.S.C. § 481(e), during the conduct of the 2025 election, by failing to apply its candidacy qualifications in a uniform manner when it disqualified some candidates because they lacked continuous good standing but allowed other candidates who lacked continuous good standing to run for union office.

**ANSWER:** Defendant denies this allegation.

46. Defendant failed to conduct its 2025 election in accordance with the applicable International and BMA Bylaws when it permitted Mark Pinto and Amelia Hollander Ames—who were ineligible for candidacy under the International and BMA Bylaws—to be candidates for office and to be installed in office, in violation of section 401(e) of the Act, 29 U.S.C. § 481(e).

**ANSWER:** Defendant denies this allegation.

47. These violations of section 401(e) of the Act, 29 U.S.C. § 481(e), may have affected the outcome of Defendant's election for the offices of Secretary-Treasurer and Board of Directors (6).

**ANSWER:** Defendant denies this allegation.

## AFFIRMATIVE DEFENSES

### LACK OF SUBJECT MATTER JURISDICTION

The Court does not have subject matter lacks jurisdiction because there was no complaint investigated by Plaintiff raising the contentions of Plaintiff.

### FAILURE TO EXHAUST

The LMRDA's exhaustion requirement has not been met with respect to the scope of Plaintiff's Complaint.

FAILURE TO STATE A CLAIM

Plaintiff's Complaint fails to state a claim upon which the Court could grant relief.

Respectfully submitted,
For Boston Musicians Association
By its Attorney,

*/s/ Gabriel O. Dumont, Jr.*
Gabriel O. Dumont, Jr., Esq., BBO #137820
Feinberg, Dumont & Brennan
177 Milk Street, Suite 300
Boston, MA 02109
(617) 338-1976
gd@fdb-law.com

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the NEF and paper copies will be sent to those indicated as non-registered participants.

August 10, 2026

*/s/Gabriel O. Dumont, Jr.*
Gabriel O. Dumont, Jr.  BBO #137820
Feinberg, Dumont & Brennan
177 Milk Street, Suite 300
Boston, MA 02109
(617) 338-1976 (t)
(617) 338-7070 (f)
gd@fdb-law.com