**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| KEITH E. SONDERLING,<br>Acting United States Secretary of Labor,<br><br>Plaintiff,<br><br>v.<br><br>BOSTON MUSICIANS' ASSOCIATION,<br>AMERICAN FEDERATION OF MUSICIANS<br>LOCAL 9-535,<br><br>Defendant. | Civil Action No. 26-12834-BEM |

## JOINT MOTION FOR ENTRY OF SCHEDULING ORDER

Pursuant to Federal Rules of Civil Procedure 16 and 26, and Local Rule 16.1, the parties jointly submit the following statement.

1. **Proposed Schedule.** After conferral by teleconference on September 4, 2026, and by email, the parties have agreed on some provisions of the proposed pretrial schedule but, despite good faith efforts, failed to reach an agreement on other provisions of the schedule. The parties set forth below the items on which they agree and differ. For areas of disagreement, the parties indicate briefly the nature of that difference.

| EVENT | PLAINTIFF'S PROPOSED DATE | DEFENDANT'S PROPOSED DATE | Agreement/No Agreement |
|---|---|---|---|
| Initial disclosures | 10/16/2026 | 10/16/2026 | Agreed |
| Amendments to pleadings | 11/2/2026 | 11/2/2026 | Agreed |
| Requests for production of documents and interrogatories must be served by | 11/16/2026 | 11/16/2026 | Agreed |
| Depositions, other than expert depositions, must be | 1/29/2027 | 5/3/2027 | Not agreed |

| | | | |
|---|---|---|---|
| completed by | | | |
| Requests for admission must be served by | 3/1/2027 | 5/31/2027 | Not agreed |
| Final fact discovery deadline | 4/1/2027 | 6/30/2027 | Not agreed |
| Status conference | 4/14/2027 | 6/30/2027 | Not agreed |
| Expert discovery | N/A | N/A | Agreed |
| Summary judgment motions | 5/28/2027 | 8/31/2027 | Not agreed |
| Oppositions to summary judgment motions | 6/18/2027 | 9/21/2027 | Not agreed |

**Nature of Difference in Proposed Schedule.**

***Plaintiff's position:*** Plaintiff's proposed pretrial schedule is appropriate considering the scope of this dispute. The parties have relatively few areas of factual disagreement—Defendant denied very few of the factual assertions in Plaintiff's Complaint—and fact discovery should be minimal. Plaintiff has already conducted a thorough investigation in this matter and anticipates producing its complete investigative file, with appropriate redactions, during initial disclosures. The parties agree that neither requires more than the number of depositions and interrogatories permitted by the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 30(a)(2) & 33(a)(1) (limiting the parties to ten depositions and twenty-five written interrogatories each). Plaintiff anticipates taking no more than five depositions and serving a concise set of requests for production and admissions, and interrogatories. While Defendant did not provide a definitive number of anticipated depositions, interrogatories, and requests for admission and production, the nature of Defendant's asserted defenses suggest Defendant's fact discovery will also be limited, as is evident from the Answer and the information shared by defense counsel during the parties' conference.

Plaintiff's proposed schedule allows the parties six months to complete fact discovery,

which includes four months for depositions. This is more than adequate given the limited factual discovery anticipated in this case and appropriately balances the needs of the parties with the need to quickly and efficiently move this case to resolution or trial. Defendant's proposal of nine months for fact discovery (with seven months alone for completion of depositions), is unreasonable and entirely out of scope with the nature of this dispute.

***Defendant's position:*** Plaintiff's proposed schedule is unreasonable on its face and fails to reflect the traditional sequence of discovery whereby depositions are seldom or never scheduled until answers to interrogatories are served and document production occurs. The parties agree that Rule 33 interrogatories and Rule 34 document production requests are to be filed by November 16, 2026. If neither party objects to any interrogatory or production request but one or both parties serve two rounds of production requests as permitted by Local Rule 21.1(C), answers to interrogatories and productions of documents, on a "best case" scenario, will not be completed until Monday, January 18, 2027. This "best case" scenario does account for the fact that the Thanksgiving, Christmas and New Years holidays are part of the 60-day period. According to Plaintiff's proposed schedule, and considering how discovery is sequenced, parties would have two weeks to conduct and complete 7-8 depositions.

Defendant's proposed schedule is more realistic and should allow for the completion of discovery without the need to come back to the Court to request a modification of the schedule. Plaintiff's proposed schedule appears to arise out of the Secretary's rejection of Defendant's settlement offer to allow the Secretary to supervise the next BMA regular election. Under another "best case" scenario for Plaintiff, a new election for the positions at issues will not be ordered until late 2027 and the election for those positions conducted much later. This "best case" scenario assumes that Defendant does not take an appeal based on the jurisdictional issue

of first impression. (See below) In effect, Defendant believes that this case is being litigated over whether two BMA positions should be rerun so that, potentially, new candidates for those positions, if successful, will be able to serve for about 6 months. (If Defendant chooses to appeal the issue of first impression, this litigation will be an academic exercise.).

In addition, and contrary to the contention of Plaintiff, Defendant has denied, in whole or in part, all the significant factual allegations, *e.g.,* ¶¶13, 14, 20, 26, 42, and many of the factual allegations admitted merely recite language from the BMA Bylaws or state the results of the election.

2. **Concise summary of the position of Plaintiff regarding liability:** The Labor-Management Reporting and Disclosure Act of 1959 ("LMRDA"), Sec. 401(e), 29 U.S.C. § 481(e), provides that every member in good standing is entitled to be a candidate "subject to . . . reasonable qualifications uniformly imposed." That section further requires that unions conduct their officer elections in accordance with their bylaws. 29 U.S.C. § 481(e). Defendant violated the LMRDA when it failed to apply its candidacy qualifications in a uniform manner by disqualifying some nominees because they lacked continuous good standing, but allowing other nominees who lacked continuous good standing to run for office. Two candidates who lacked continuous good standing, but whom Defendant allowed to run for office, won their elections. As such, Defendant's violation of the LMDRA may have affected the outcome of Defendant's election.

Section 402(b) of the LMRDA, 29 U.S.C. § 482(b), grants this Court jurisdiction because the Secretary of Labor investigated a complaint raised by a union member and found probable cause to believe that a violation of the LMRDA occurred that may have affected the outcome of the challenged election. Plaintiff made this determination after the union member exhausted his

internal union remedies and filed a timely complaint with the Secretary of Labor. 29 U.S.C. § 482(a). Defendant argues that this Court lacks jurisdiction, and Plaintiff lacks authority to challenge the election, because the LMDRA's exhaustion requirement has not been met. Dkt. No. 5. Defendant is wrong. While the officer positions Plaintiff seeks to rerun were not specifically identified in the union member's protest to the union, the candidate qualification at issue was squarely raised by the member. Moreover, the Secretary may pursue violations of the LMDRA discovered during the investigation where the union member would not have known the necessary information to protest the violations. *See also Hodgson v. Local Union 6799, United Steelworkers of Am.*, 403 U.S. 333, 340-41 (1971) ("Congress . . . cannot have intended that [the Secretary's] right to relief be defined by a complaining member's ignorance of . . . the facts."); *see also Wirtz v. Local Union No. 125, Laborers' Int'l Union of N. Am.*, 389 U.S. 477 (1968) (finding that the Secretary's authority to rerun an election is not limited to races identified by a complainant). Here, the union member's protest provided Defendant with a fair opportunity to consider and redress the alleged violations of the LMRDA and the Secretary is entitled to include violations which the member lacked sufficient information to specifically identify.

A new election supervised by the Secretary is the sole remedy for election violations under the statute as it is the only means for vindicating the rights of members who were denied a fair and democratic election. Under Section 402(c) of the LMRDA, once the court has found that a violation occurred which may have affected the outcome of the challenged election, "the court *shall* declare the election . . . to be void and direct the conduct of a new election under supervision of the secretary." 29 U.S.C. § 482(c) (emphasis added). This remedy is of such importance that the statute also provides "an order directing an election shall not be stayed pending an appeal." 29 U.S.C. § 482(d). An intervening unsupervised election that occurs

during the course of litigation in the district court does not negate the Plaintiff's right to a new supervised election if ultimately prevailing. *See Wirtz v Local 153, Glass Bottle Blowers Ass'n*, 389 U.S. 463 (1968). As such, this litigation is not, and will at no point be, an "academic exercise."

3. **Concise summary of the position of Defendant regarding liability**: In the instant matter, the question of whether the Court has jurisdiction under LMRDA §402(b) to consider the claim by the Secretary that one or more of the eleven BMA members who were disqualified from seeking election to either the position of Secretary-Treasurer or a position on the Board of Directors turns on whether a member has met the §402(a) remedy exhaustion requirements. Since the only member to file a post-election challenge under BMA Bylaws, Article 14, Section 6, was Member Shiu, the Court will be required to look to Member Shiu's election challenge as submitted to the BMA's Secretary-Treasurer to determine whether the Court would have jurisdiction to consider the Secretary's challenge to the conduct of the Secretary-Treasurer and BOD elections. *See, e.g., Reich v. Local 30, Int'l Bhd. of Teamsters*, 6 F.3d 978, 983-984 (3rd Cir. 1993). Defendant position is that Member Shiu's challenge did not raise the issues underlying the instant lawsuit.

Further, factually, Defendant contends that disqualifications were based on whether a member, in fact, had been suspended.

4. **Magistrate Judge (Local Rule 16.1(b)(3)).** Plaintiff consents to trial by a magistrate judge. Defendant does not consent to trial by a magistrate judge.

5. **Local Rule 16.1(d)(3) Certification.** The undersigned attorneys and parties state that they have conferred with a view towards establishing a budget for the costs of conducting the full

course and various alternative courses of the litigation, and to consider the resolution of the litigation through the use of alternative dispute resolution program.

| | |
|---|---|
| */s/ Olivia Benjamin*<br>Olivia Benjamin<br>*Counsel to Plaintiff* | */s/ Gabriel O. Dumont, Jr*<br>Gabriel o. Dumont, Jr.<br>*Counsel to Defendant* |
| */s/ Molly Wagoner, Division Enforcement Chief*<br>Molly Wagoner<br>*Authorized Representative of Plaintiff* | */s/ David Rufino, President*<br>*Authorized Representative of Defendant* |

Respectfully submitted,

LEAH B. FOLEY
United States Attorney

BY: */s/ Olivia Benjamin*
OLIVIA BENJAMIN
Assistant United States Attorney
1 Courthouse Way, Suite 9200
Boston, MA 02210
Phone: (617) 748-3302
olivia.benjamin@usdoj.gov
*Counsel for Keith E. Sonderling*
*Acting United States Secretary of Labor*

*/s/ Gabriel O. Dumont, Jr.*
GABRIEL O. DUMONT JR.
Feinberg, Dumont & Brennan
177 Milk Street, Suite 300
Boston, MA 02109
Phone: (617) 332-1976
gb@fdb-law.com
*Counsel for Boston Musicians' Association*

Dated: September 24, 2026

**CERTIFICATE OF SERVICE**

I, Olivia Benjamin, Assistant U.S. Attorney, hereby certify that a true copy of the above document was served upon all parties of record via this court's electronic filing system on the date listed below.

Dated: September 24, 2026

*/s/ Olivia Benjamin*
Olivia Benjamin
Assistant U.S. Attorney